ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2022-Jun-14 14:49:24
60CV-22-3793
C06D16 : 7 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
_____ DIVISION

TIFFANY BUMPERS, Individually                             PLAINTIFF
and as Parent and Next Friend
for ELLIOTT BUMPERS, a Minor

VS.                    NO. _____

HOWARD KYLE GEEGAN, III,
as SPECIAL ADMINISTRATOR
of the ESTATE of HOWARD
GEEGAN, JR., Deceased; PENSKE                             DEFENDANTS
TRUCK LEASING CO., L.P. d/b/a
PENSKE TRUCK RENTAL

## COMPLAINT

COMES NOW the Plaintiff, Tiffany Bumpers, Individually and as Parent and Next Friend for Elliott Bumpers, a Minor, by and through her attorneys, RAINWATER, HOLT & SEXTON, P.A., and for their Complaint against the Defendants, states and alleges the following:

### I.   RESIDENCY & PARTIES

1.   Plaintiff Tiffany Bumpers was at all times relevant a citizen and resident of Scott, Pulaski County, Arkansas.

2.   Plaintiff Tiffany Bumpers, as Parent and Next Friend of Elliott Bumpers, a Minor was at all time relevant a citizen and resident of Scott, Pulaski County, Arkansas.

3.   Separate Defendant Howard Kyle Geegan, III (hereinafter "Defendant Geegan")

**EXHIBIT 1**

the Administrator of the Estate of Howard Geegan, Jr., deceased, (hereinafter "Mr. Howard Geegan, Jr.") by the February 28, 2022 Order of the Court, 60PR-22-208, attached hereto as Exhibit "A".

4.  Separate Defendant Penske Truck Leasing Co., L.P. (hereinafter "Penske") is a Foreign Limited Partnership registered corporation to do business in the State of Arkansas, and is in good standing with the Secretary of State's office with its principal place of business at 300 ~~Spring Building, Suite 900, 300 South Spring Street, Little Rock, AR 72201, with its foreign~~ address at P.O. Box 563, Reading, PA 19603.

5.  Upon information and belief, the registered agent for service of process for Defendant Penske is Corporation Service Company whose address is 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, AR 72201.

6.  Defendant Penske is registered with the FMSCA, operates pursuant to DOT Number 327574 and has a fleet of 49,280 vehicles and 13,830 drivers. In 2021, Defendant Penske reported that its fleet drove 11,286,716 miles across the United States, including Arkansas.

7.  The incident giving rise to this cause of action occurred at the intersection of State Highway 165 and the entrance ramp to I-440 East in North Little Rock, Pulaski County, Arkansas.

## II.  JURISDICTION AND VENUE

8.  This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

9.  Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the collision occurred which caused the injury or in the county where the person injured resided at the time of the injury.

### III. BASIC PREMISE

10. This is a negligence case which arises from a motor vehicle collision that occurred on January 14, 2020, at the intersection of State Highway 165 and the entrance ramp to I-440 East in North Little Rock, Pulaski County, Arkansas.

### IV. FACTS

11. On or about January 14, 2020, at approximately 7:46 p.m., Plaintiff Bumpers was driving northbound on State Highway 165, in a 2011 Mercedes GK3.

12. Elliot Bumpers at such time was a passenger in Plaintiff Bumpers' vehicle.

13. At the same time, Mr. Howard Geegan, Jr., was traveling southbound, in the turning lane of State Highway 165, in a 2018 Freightliner.

14. Upon information and belief, Mr. Howard Geegan, Jr., was at the time of incident an employee of Defendant Penske.

15. Mr. Howard Geegan, Jr., failed to yield to Plaintiff Bumpers and attempted to turn left onto the on ramp of I-440, which resulted in Mr. Howard Geegan, Jr., colliding with Plaintiff Bumper's vehicle.

16. Defendant Geegan, in his official capacity as Administrator of the Estate of Howard Geegan, Jr., and only in this position, not him personally, stands in the place of the negligence of Mr. Howard Geegan, Jr., for his conduct and actions as it relates to the claim of Plaintiff Bumpers.

17. As a result of the collision, Plaintiffs sustained personal injuries and damages.

### V. CAUSE OF ACTION – NEGLIGENCE OF DEFENDANT HOWARD GEEGAN, JR.

18. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

19. Mr. Howard Geegan, Jr., was negligent in the following particulars:

(a) Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

(b) Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6) & (b)(8);

(c) Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. § 27-51-104(b)(6);

(d) Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

(e) Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

(f) Failing to keep his vehicle under control, in violation of the common law of Arkansas;

(g) Failing to properly yield the right-of-way in violation of Ark. Code Ann. § 27-51-503;

(h) Otherwise failing to exercise ordinary care under the circumstances.

## VI. CAUSE OF ACTION NO. 2 – NEGLIGENCE OF DEFENDANT PENSKE

20. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

21. Upon information and belief, Defendant Penske negligently trained, educated, directed, prepared, set policy, and gave guidance to Mr. Howard Geegan, Jr., on the risks and dangers of avoiding other vehicles.

22. Upon information and belief, Defendant Penske negligently trained, educated, directed, prepared, set policy, and gave guidance to Mr. Howard Geegan, Jr., on the risks and dangers of not maintaining a proper lookout while driving.

23. Upon information and belief, Defendant Penske negligently trained, educated,

directed, prepared, set policy, and gave guidance to Mr. Howard Geegan, Jr., on the risks and dangers of driving in a manner that is inattentive and such inattention that is not reasonable and prudent in maintain vehicular control.

### VII. CAUSE OF ACTION NO. 3 – VICARIOUS LIABILITY

24. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

25. At all times relevant, Mr. Howard Geegan, Jr., was acting within the course and/or scope of his employment with Defendant Penske.

26. Defendant Penske is legally responsible and vicariously liable for the negligence of its employee/agent, Mr. Howard Geegan, Jr., through the legal doctrine of joint enterprise, *respondeat superior*, and the principles of agency as adopted in the State of Arkansas.

27. The negligence of Mr. Howard Geegan, Jr., is imputed to Defendant Penske as a matter of law.

### VIII. PROXIMATE CAUSATION

28. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

29. Defendants' negligence proximately caused the collision described herein and the injuries and damages sustained by Plaintiffs.

### IX. INJURIES AND COMPENSATORY DAMAGES

30. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

31. Plaintiffs sustained personal injuries and damages as a result of the collision.

32. Plaintiffs are entitled to the following damages:

 (a) the nature, extent, duration, and permanency of their injuries;

 (b) the full extent of the injuries they sustained;

 (c) the expense of their medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

 (d) any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

 (e) the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future;

 (f) parents' travel expenses, lost earnings and family pain and suffering;

 (g) the visible results of their injuries; and

 (h) any property damages she sustained.

33. The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## X.   DEMAND FOR JURY TRIAL

34. Plaintiffs hereby demand a trial by jury.

## XI.   DEMAND & PRAYER

35. Plaintiffs demand judgment against Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate her for her damages.

36. Plaintiffs demand judgment against Defendants for pre-judgment interest and post-judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; and for all other proper relief to which she may be entitled.

Respectfully Submitted,

Attorney for Plaintiffs

By: *[signature]*

Jeremy McNabb (Ark. Bar No. 2003083)
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR 72222
Telephone: (501) 868-2500
Telefax: (501) 868-2505
Email: mcnabb@rainfirm.com