IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TIFFANY BUMPERS, Individually and as
Parent and Next Friend for
ELLIOTT BUMPERS, a Minor                                    PLAINTIFF

v.                       Case No. 4:22-CV-585-BRW

HOWARD KYLE GEEGAN, III as
SPECIAL ADMINISTRATOR of the ESTATE of
HOWARD GEEGAN, JR., Deceased;
PENSKE TRUCK LEASING CO., L.P.                              DEFENDANTS

## MOTION TO REMAND

Penske Truck Leasing Co., L.P. ("Penske"), hereby moves to remand to Pulaski County Circuit Court and states:

1.  This case stems from an accident involving Plaintiffs and Howard Kyle Geegan, Jr. By the time Plaintiffs filed suit in the Circuit Court of Pulaski County, Mr. Howard Kyle Geegan, Jr., had died. Plaintiffs consequently named as a defendant the administrator of his estate (Mr. Howard Kyle Geegan, III). Because he had not been personally involved in the accident, Mr. Howard Kyle Geegan, III, was not named a defendant in his *personal* capacity; he was named exclusively in his *representative* capacity.

2.  Thereafter, Penske initiated a "snap removal" from the Circuit Court of Pulaski County, Arkansas, on June 22, 2022, before Howard Kyle Geegan, III, had been served. Removal was premised upon diversity-of-citizenship jurisdiction. But while Howard Kyle Geegan, III, had not been served and while he had been sued

2691852-v1

merely as a nominal/representative party (and not in his personal capacity), his citizenship is still considered for purposes of applying the complete-diversity rule set forth in 28 U.S.C. §1441(a)(2) provided that he had not been added merely to defeat diversity of citizenship.

3. Plaintiffs as well as Howard Kyle Geegan, III, were all Arkansas citizens at the time of removal. Following removal, Penske's counsel has conferred with Plaintiffs' counsel, who has confirmed that Plaintiffs did not include Howard Kyle Geegan, III, as a party defendant merely to defeat diversity.

4. Consequently, because, "complete" diversity was lacking, the case must be remanded. Any such remand should be without prejudice to a later removal should Howard Kyle Geegan, III, be dismissed in the future. Defense counsel has notified counsel for Plaintiffs about these facts and rationale for Penske's motion and is authorized to state that Plaintiffs agree.

WHEREFORE Penske prays that its motion be granted and that the case be remanded to the Pulaski County Circuit Court.

> Respectfully submitted,
>
> Gregory T. Jones (83097)
> Alexander T. Jones (2015246)
> WRIGHT, LINDSEY & JENNINGS LLP
> 200 West Capitol Avenue, Suite 2300
> Little Rock, Arkansas 72201-3699
> (501) 371-0808
> FAX: (501) 376-9442
> E-MAIL:    gjones@wlj.com
>
> *Attorneys for Defendant Penske*